IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>    v.<br><br>RAMON GUERRERO d/b/a EL GRULLENSE RESTAURANT II, and RASIL G, INC.,<br><br>             Defendants. | 2:04-cv-1752-GEB-PAN<br><br>ORDER[*] |

On March 7, 2006, the parties filed a stipulation for referral to the Voluntary Dispute Resolution Program ("VDRP"). On the same day, Plaintiff noticed a motion to amend the Rule 16 Scheduling Order ("Motion to Amend"), and concurrently filed an application to shorten time for hearing the Motion to Amend.[1] Plaintiff requests a three-month extension of the deadlines prescribed in the Scheduling

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] This is Plaintiff's second motion to amend the Rule 16 Scheduling Order. Its first request was granted on December 12, 2005.

1

1 | Order "to allow the participation of the parties in the Court's VDRP."
2 | (Motion to Amend at 2.)  Defendants stipulated to Plaintiff's request.
3 | For the reasons stated below, the Motion to Amend is denied;
4 | therefore, the application to shorten time is moot and denied.
5 | Furthermore, the case is not referred to the VDRP since the Motion to
6 | Amend indicates that the parties' request for referral was contingent
7 | upon amendment of the Scheduling Order.
8 |         The Scheduling Order issued on January 11, 2005, "shall not
9 | be modified except by leave of Court upon a showing of good cause."
10 | (Scheduling Order at 8-9.)  The good cause standard focuses on the
11 | diligence of the party seeking amendment: "The district court may
12 | modify the pretrial schedule 'if it cannot reasonably be met despite
13 | the diligence of the party seeking the extension.'" Johnson v. Mammoth
14 | Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R.
15 | Civ. P. 16 advisory committee's notes (1983 amendment)).  "If the
16 | movant fails to demonstrate such diligence, "the inquiry should end."
17 | Id. at 608.
18 |         Plaintiff does not discuss why the parties waited until
19 | March 7, 2006, one week after the completion of discovery and a mere
20 | three weeks before law and motion is scheduled to close, to request
21 | vacation of the Scheduling Order dates and referral of this action to
22 | the VDRP.  See Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230,
23 | 1233 (E.D. Cal. 1996) (indicating that the due diligence inquiry
24 | includes determination of whether the motion to amend could have been
25 | brought earlier).
26 |         "Rule 16 was drafted to prevent parties from disregarding
27 | the agreed-upon course of litigation. . . ." Dilmer Oil Co., Inc. v.
28 | Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D. S.C. 1997).

"Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.' Fed. R. Civ. P. 1." Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W.Va. 1995); accord Henley v. FMC Corporation, 172 F.R.D. 193, 198 n.6 (S.D. W.Va. 1997).

Honoring the terms of the binding Rule 16 Order "does not simply exalt procedural technicalities over the merits of [the parties' respective cases]." Marcum, 163 F.R.D. at 255.  Since the parties fail to demonstrate that good cause justifies their requested amendment, their request is denied.

IT IS SO ORDERED.

Dated:  March 10, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge