WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:    (415) 625-5622
Facsimile:    (415) 625-5657

**FILED**

JUN 1 9 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Attorneys for Plaintiff Equal Employment Opportunity Commission

STEVEN A. CLAIR - #111450
CLAIR & BOSSI
2155 W. March Lane, Suite 1A
Stockton, CA 95219
Telephone: (209) 477-1800
Facsimile: (209) 477-1821

Attorneys for Defendants
RAMON GUERRERO,
d/b/a EL GRULLENSE RESTAURANT II
and RASIL G, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. S-04-1752 GEB PAN (JFM) |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| RAMON GUERRERO d/b/a EL GRULLENSE RESTAURANT II and RASIL G, INC., | |
| Defendants. | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex harassment and to

CONSENT DECREE
CIV. S-04-1752 GEB GGH (JFM)                                             Page 1

make whole Ms. Annette Nevarez and Ms. Irma Torres-Armendariz who were allegedly aggrieved by the unlawful practices. Plaintiff alleged that defendants RAMON GUERRERO d/b/a EL GRULLENSE RESTAURANT II and RASIL G, INC., (hereinafter "El Grullense" or "the Company") unlawfully subjected Ms. Nevarez and Ms. Torres-Armendariz to a sexually hostile work environment.

1. El Grullense denies these allegations.

2. In the interest of resolving this matter and continuing and strengthening El Grullense's commitment to equal employment opportunity, to better utilize the money that El Grullense would pay in attorney's fees to defend itself, and as a result of having engaged in comprehensive settlement negotiations, the Commission and El Grullense (hereinafter referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of the case.

3. The parties agree that this Consent Decree resolves all claims arising out of EEOC Charge Nos. 377-2003-00902 and 370-2003-09733 and the complaint filed in this action, and constitutes a complete resolution of all claims of sexual harassment under Title VII that were made or could have been made by the Commission in this action, Ms. Nevarez, or Ms. Torres-Armendariz, in this action and in the referenced charges. This Consent Decree does not, however, resolve any future charges or charges concerning any other individuals that may be pending with the EEOC other than the charges in this paragraph which were specifically referenced. In addition, the parties and Ms. Torres-Armendariz also agreed to make public, by way of this consent decree, Ms. Torres-Armendariz's charge against El Grullense, and El Grullense's categorical denial thereof.

4. This Consent Decree in no way affects EEOC's right to process, in accordance with standard Commission procedures, charges filed by individuals against El Grullense alleging violations of Federal employment discrimination statutes. Charges include those pending as of the effective date of this Consent Decree and filed in the future. Processing of charges includes the administrative investigation and conciliation and commencement of civil actions on the basis of such charges.

5. This Consent Decree comprises the full and exclusive agreement of the parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, except that any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court. NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

6. This Court has jurisdiction over the subject matter and the parties to this action. This Court will retain jurisdiction over this Decree for all purposes until the expiration of El Grullense's obligations as set forth herein.

7. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks relief and the public.

8. This Consent Decree is final and binding upon the Parties, their heirs, their successors and assigns.

## Scope of the Consent Decree

9. The duration of the Consent Decree shall be five (5) years from the date of entry of the

Decree, provided that El Grullense has complied substantially with the terms of this Consent Decree. El Grullense will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that El Grullense has failed to comply with any terms of this Consent Decree. During the five-year term of this Consent Decree, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

### General Injunctive Provisions

10. *Discriminatory Harassment*: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, El Grullense, its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, hereby agree not to: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; (b) engage in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; or (c) create, facilitate or permit the existence of a work environment hostile to female employees.

11. *Retaliation*: El Grullense, its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of El Grullense because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of race or color made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c)

testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by El Grullense), proceeding or hearing in connection with this case (d) was identified as a possible witness in this action; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree.

**MONETARY RELIEF**

12. El Grullense agrees to pay the total sum of $48,750.00 (Forty-eight thousand, seven hundred and fifty Dollars and No Cents) as damages, to be allocated to Annette Nevarez and Irma Torres-Armendariz as determined by the EEOC at the May 17, 2006 mediation.

13. <u>Annette Nevarez and Irma Torres-Armendariz</u>

    a. Annette Nevarez and Irma Torres-Armendariz shall each be paid a sum representing (1) damages for physical injuries and/or physical illness, and emotional distress relating to such physical injuries and/or physical illness.

    b. El Grullense shall report the Nevarez and Torres-Armendariz settlement by issuance of IRS Form 1099. Ms. Nevarez and Ms. Torres-Armendariz agree that the payments will be reported under their respective tax identification number.

    c. El Grullense shall pay the Settlement as follows:

        i. Within thirty (30) days of May 17, 2006, El Grullense will issue a check to Annette Nevarez and Irma Torres-Armendariz. El Grullense shall make payment in the form of checks from its attorney's client trust account made payable to Annette Nevarez and Irma Torres-Armendariz.

        ii. El Grullense will mail the original check to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC 350 The Embarcadero, Suite 500, San

Francisco, CA 94105. The EEOC will distribute the check to Ms. Nevarez and Ms. Torres Armendariz within ten (10) days of receipt, unless otherwise directed in writing by Ms. Nevarez and Ms. Torres-Armendariz.

**Specific Injunctive Relief**

**POSTING AND OTHER NOTICE TO EMPLOYEES**

14. El Grullense affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> El Grullense is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the Company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the Company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

15. **EEO and Harassment Policies**

   a. El Grullense agrees that to the extent necessary it shall revise its EEO & harassment policies, within sixty (60) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (ii) include examples to supplement the definitions of

harassment based on sex; (iii) provide for substantial and progressive discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for substantial and progressive discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a timetable for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, El Grullense will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

    b.    Defendants shall effectively disseminate its revised policies and procedures by:

        i.    distributing copies of the policy in both English and Spanish to all current employees within 10 days of its adoption;

        ii.    giving a copy of the policy in both English and Spanish to and reviewing the policy with all new employees upon the employees' hire.

        iii.    Defendant will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits the report on the completion of training as described below

**Complaint Procedures:**

    d.    Defendant shall develop a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, El Grullense shall provide its employees with convenient,

confidential and reliable mechanisms for reporting incidents of harassment and retaliation. Defendant's complaint procedure and harassment policy shall notify employees in both English and Spanish that they can lodge a complaint with their immediate supervisor or an outside consultant and shall provide the name and telephone numbers for an outside consultant. Contact information for the outside consultant also shall be continuously posted in a prominent place at all of Defendant's business locations in Stockton. The consultant shall be selected by El Grullense, subject to the approval by counsel for the Commission, which approval shall not be unreasonably withheld. The consultant shall be a person or entity with established experience in matters of sexual discrimination and the applicable laws and regulations. Any change in consultants during the terms of this Consent Decree can be done only upon the joint approval of counsel for the Commission and El Grullense, or, if a dispute arises, upon Order of the Court. Defendant will pay for all fees incurred by the outside consultant.

e. Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required below.

16. Posting Regarding Consent Decree. The terms of this Consent Decree or an agreed upon Notice shall be, and remain, posted in a clearly visible location frequented by employees at each restaurant or facility of El Grullense in both English and Spanish during the term of this Consent Decree.

17. Distribution of Anti-Harassment Policy. Within sixty (60) days of the entry of this Consent Decree, El Grullense shall issue to all employees, supervisors and managers, El Grullense's anti-harassment policy and procedure statement each such person shall be

asked to sign an acknowledgment that they have received and read the policy. The same acknowledgment shall be required of all newly hired employees at the start of their employment. All documents should be in both English and Spanish.

18. *Training of Employees*. Under the direction of an outside consultant paid by El Grullense, El Grullense shall provide and require all current and new personnel working in the Stockton Metro area to attend anti-harassment training once every year throughout the duration of this Consent Decree. The purpose of said training shall be to give participants a thorough understanding of harassment issues, particularly sexual harassment, including but not limited to theories of liability under Title VII, sources of legal protection for sexual harassment victims and the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints and to review Company policies (including discipline policies) and practices related to sexual harassment and retaliation.

19. *Training Logistics*: The content, method of training and size of training classes is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall take into consideration the Company's operational needs. El Grullense agrees to provide a description of each training program to counsel for the Commission no later than ten (10) days before the training programs are scheduled to be held.

20. *Acknowledgment of Training Attendance*. All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company. The consultant shall retain the originals of these acknowledgments and provide El Grullense with a copy thereof.

## EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING NEVAREZ'S AND TORRES-ARMENDARIZ' EMPLOYMENT

21. El Grullense shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Annette Nevarez or Irma Torres-Armendariz.

22. El Grullense shall expunge from Annette Nevarez' and Irma Torres-Armendariz' respective personnel files any references to a charge of discrimination against El Grullense and this lawsuit.

23. From the date of entry of this Consent Decree, El Grullense shall not disclose in response to inquiries from potential employers, any information regarding Annette Nevarez' or Irma Torres-Armendariz' employment with El Grullense except as follows:

   a. In response to a specific inquiry, El Grullense may disclose Ms. Nevarez' and Ms. Torres-Armendariz' dates of employment, position held and final rate of pay;

   b. El Grullense may report any information as required to state or federal authorities;

   c. El Grullense may disclose information under Court order; and

   d. Within ten (10) days from the date of entry of this Consent Decree, El Grullense shall provide Annette Nevarez and Irma Torres-Aremendariz each with a letter of reference which would state her dates of employment and positions held. The original letter of reference for Ms. Nevarez and Ms. Torres-Armendariz shall be sent to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

## REPORTS TO THE COMMISSION

24. <u>Training Report</u> Within thirty (30) days of completion of the training required by this

Consent Decree, El Grullense will send the EEOC appropriate verification of its completion of harassment training for its employees.

25. <u>Sexual Harassment Complaint Reports</u> Within ninety (90) days after entry of this Decree, El Grullense will mail to counsel for the Commission a report containing the following information and documentation:

   a. Copies of all sexual harassment complaints made since the submission of the immediately preceding report hereunder, and a statement as to each, as to the result of the investigation of such complaints. Additionally, El Grullense will identify the name, address and telephone number of the complainant and identify the person who received the complaint. El Grullense will also detail the results of any investigation into sexual harassment that it has undertaken since the submission of the immediately preceding report. A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by El Grullense during the period of the Consent Decree and will be made available to the Commission within ten (10) days following a written request from the Commission to El Grullense's counsel.

   b. On the first day of January and June of each year during the duration of this Consent Decree, El Grullense will mail to counsel fo the Commission a report containing the above documentation and information.

<u>**POLICIES DESIGNED TO PROMOTE SUPERVISOR ACCOUNTABILITY**</u>

26. <u>Communication of Potential Discipline for Engaging in Harassment</u>. El Grullense agrees that it shall impose substantial discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in

sexual harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. El Grullense shall communicate this policy in both English and Spanish to all of its supervisors and managers.

27. <u>Communication of Duty to Actively Monitor Worksite</u>. El Grullense agrees that it shall continue to advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee's compliance with the Company's anti-harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

**RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

28. This Consent Decree shall terminate five (5) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of noncompliance by El Grullense. If the Commission determines that El Grullense have not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to El Grullense and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds El Grullense to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree

29. Except as provided in the preceding paragraph, five (5) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that the El

Grullense has complied substantially with the terms of this Consent Decree. El Grullense will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that the El Grullense has failed to comply with any of the terms of this Decree.

ON BEHALF OF PLAINTIFF

Dated: 6/13/06

William R. Tamayo
Regional Attorney

Dated: 6/13/06

Jonathan T. Peck
Supervisory Trial Attorney

Dated: 6/13/06

Evangelina Fierro Hernandez
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ON BEHALF OF DEFENDANTS

Dated: 6-16-06

Steven A. Clair
CLAIR & BOSSI

Dated: 6-15-06

Ramon Guerrero
Owner, RAMON GUERRERO,
d/b/a EL GRULLENSE RESTAURANT II
and RASIL G, INC.

...

IT IS SO ORDERED:

Dated: June 19, 2006

/s/ Garland E. Burrell, Jr.
Garland E. Burrell, Jr.
United States District Judge